## THURSTON MOTOR LINES, INC. v. JORDAN K. RAND, LTD.

No. 82–713.   Decided March 28, 1983

PER CURIAM.

Petitioner is a common carrier authorized by the Interstate Commerce Commission to transport commodities.   When respondent allegedly failed to pay $661.41 in motor freight charges, petitioner filed suit in United States District Court. Its complaint alleged that respondent failed to pay for transport services as required by petitioner's tariffs on file with the Commission.   The complaint also alleged that the action arose under the Interstate Commerce Act, 49 U. S. C. § 10741(a) (1976 ed., Supp. V), and that the District Court had jurisdiction pursuant to 28 U. S. C. § 1337.

The District Court dismissed the matter for want of subject-matter jurisdiction and the Court of Appeals for the Ninth Circuit affirmed.   682 F. 2d 811 (1982).   Characterizing the suit as a "simple contract-collection action," the court could not "discern any proposition of federal law that a court need confront in deciding what, if anything, can be recovered."   *Id.*, at 812.

Under the Interstate Commerce Act, as construed by this Court, the Court of Appeals was in error. In *Louisville & Nashville R. Co.* v. *Rice*, 247 U. S. 201 (1918), this Court squarely held that federal-question jurisdiction existed over a suit to recover $145 allegedly due the carrier for an interstate shipment under tariffs regulated by the Interstate Commerce Act.

> "The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment. Their duty and obligation grow out of and depend upon that act." *Id.*, at 202.

Other federal courts have had no difficulty in following the clear import of *Rice*. See *Madler* v. *Artoe*, 494 F. 2d 323 (CA7 1974); *Bernstein Bros. Pipe & Machinery Co.* v. *Denver & R. G. W. R. Co.*, 193 F. 2d 441 (CA10 1951); *Maritime Service Corp.* v. *Sweet Brokerage De Puerto Rico, Inc.*, 537 F. 2d 560 (CA1 1976).

The Court of Appeals' attempt to distinguish this "most troublesome precedent" is wholly unconvincing. In its view, *Rice* turned upon the fact that the carrier billed the shipper for an additional amount that, while authorized by lawful tariffs, was contrary to the parties' understanding.* Unlike petitioner's complaint, the complaint in *Rice* could not have alleged that the shipper agreed to pay the amount sought; the carrier there had to rely exclusively on the Act to override the parties' understanding. There is no support for this novel interpretation in *Rice* or elsewhere. That the consignee attempted to avoid payment by invoking an estoppel

---

*In *Rice*, the parties had an understanding requiring the carrier to assess all charges immediately upon the delivery of livestock. This arrangement allowed the shipper to include the transportation costs in the price at which the livestock was sold. The dispute resulted from the carrier's billing the shipper after the delivery and sale of the livestock for an additional $145 to cover disinfecting the freight cars. This additional charge complied with lawful tariffs.

defense is an accurate enough portrayal of the facts, but does not obscure that the claim arose under federal law. "As to interstate shipments," the Court stated, "the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation." 247 U. S., at 203. A carrier's claim is, of necessity, predicated on the tariff—not an understanding with the shipper. This was true in *Rice* and is equally true here. Under the Court of Appeals' approach, the question of federal jurisdiction would depend upon the defenses pleaded by the shipper—but we have long ago settled that it is the character of the action and not the defense which determines whether there is federal-question jurisdiction. *Public Service Comm'n of Utah* v. *Wycoff Co.*, 344 U. S. 237, 248 (1952); *Phillips Petroleum Co.* v. *Texaco Inc.*, 415 U. S. 125, 127 (1974). In short, the Court of Appeals has simply confused the factual contours of *Rice* for its unmistakable holding.

Perhaps unsure of its distinction of *Rice*, the Court of Appeals went on to "doubt that *Rice* is still good law." Needless to say, only this Court may overrule one of its precedents. Until that occurs, *Rice* is the law, and the decision below cannot be reconciled with it. The petition for certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*