MOTORES, S.A., Plaintiff,

v.

EAGLE NATIONAL BANK, Andean American International, Victor Manuel Fajardo and Pedro Gomez, Defendants.

No. 86–0302–CIV–Spellman.

United States District Court, S.D. Florida, Miami Division.

April 15, 1986.

Stuart A. Goldstein, Corrigan Zelman & Bander, Miami, Fla., for plaintiff.

Carlos F. Concepcion, Sage, Gray, Todd & Sims, Miami, Fla., for Fajardo and Andean.

Bertram A. Sapurstein, Kantor, Sapurstein, & Weinberger, Miami, Fla., for Eagle Nat. Bank.

## MEMORANDUM OPINION ON ORDER OF REMAND

SPELLMAN, District Judge.

THIS CAUSE is before the Court *sua sponte*, upon review of the Defendants', ANDEAN AMERICAN INTERNATIONAL ("Andean") and VICTOR MANUEL FAJARDO ("Fajardo"), Petition for Removal. The Court is of the opinion that this action was improvidently removed and must therefore be remanded to state court for all further proceedings.

## THE PARTIES

Motores, S.A. is a Columbian corporation in the business of importing and distributing motors and other mechanical parts in Columbia.

Andean was a Florida corporation that was involuntarily dissolved in 1983 by the Secretary of State of Florida for failure to file its annual report but is in the process of being reactivated retroactively.

Fajardo and Pedro Gomez were directors of Andean and both were residents of Dade County at the time the Complaint was filed.

Fajardo and Andean were in the business of exporting freight shipments from the United States. Their business entailed preparing the export documents and coordinating the transactions with manufacturers and consumers.

Eagle National Bank is a banking corporation organized under the laws of the United States and has its principal place of business in Dade County, Florida. It is the successor to Central National Bank of Miami.

## FACTUAL SCENARIO AND PROCEEDINGS BELOW

Motores entered into an agreement with Andean for the purpose of having Andean assist Motores in securing expedited shipments of automobile parts to Columbia. In furtherance of this agreement, Motores and Andean secured a line of credit for $500,000.00 with Central National Bank of Miami, now Eagle National Bank ("Eagle"), in 1982.

At that time, Motores signed a Guaranty in favor of Eagle. Two checking accounts were opened at Eagle for the enterprise to use. The Plaintiff, in its Complaint, alleges that Eagle unlawfully permitted Fajardo to add his name to the signature cards on the accounts. Plaintiff also alleges that Eagle unlawfully and erroneously placed funds due Motores into a separate account maintained by Fajardo and Andean.

On April 30, 1985, Motores executed a Promissory Note on behalf of Eagle in the amount of $576,642.18. Said note was to mature October 28, 1985.

In the state action, Motores seeks to rescind the Promissory Note and the Guaranty. It also alleges that Eagle breached its contract with and fiduciary duty to Motores, and that the bank acted negligently. Motores prays for a declaratory judgment stating that it has no obligations to Eagle. As for Fajardo and Andean, the Plaintiff alleges that they are guilty of civil theft. Although Gomez was named as a Defendant, no allegations in the Complaint were addressed to him. Furthermore, no responsive pleadings have been filed on his behalf.

## THE PETITION FOR REMOVAL

On February 10, 1986, the Defendants Andean and Fajardo filed their Verified Petition for Removal. These Defendants filed the petition on the basis of 12 U.S.C. § 632. This statute states in pertinent part:

Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jur-

isdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court ....

The Southern District has interpreted this statute to permit removal of an action, regardless of the completeness of diversity. In *Citibank, N.A. v. Benkoczy*, 561 F.Supp. 184, 186 (S.D.Fla.1983), the Court held that 12 U.S.C. § 632 created an exception to the usual requirement of 28 U.S.C. § 1441(b) calling for total diversity of citizenship between the parties before a defendant can remove the action to federal court. Thus, lack of diversity should not be a bar to removal.

 The Defendants' removal is flawed, however. The Court is restricted to examining the Complaint when determining the propriety of removal. The Court should not look to the Answer or affirmative defenses to decide if there is federal question jurisdiction. *Thurston Motor Lines v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1982). This restricted approach is characterized as the well-plead complaint doctrine. This doctrine applies when examining the original jurisdiction as well as removal jurisdiction of district courts. *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1, 11 n. 9, 103 S.Ct. 2841, 2847 n. 9, 77 L.Ed.2d 420 (1982); *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

Thus, the Court can look only to the Plaintiff's Complaint and no other pleadings to see if in fact a federal question has been presented. In the instant case, the Complaint is devoid of any cause of action predicated on a federal question. The only federal factor in this case is contained in the Defendants' pleadings which indicate that some international business transactions have taken place. These transactions, however, cannot comprise the grounds upon which this action can be removed as they were raised by the Defendants.

## CONCLUSION

Because the Plaintiff's Complaint raises no grounds relating to any federal claim, 12 U.S.C. § 632 cannot act as an exception from the diversity requirements of 28 U.S.C. § 1441(b). There not being complete diversity of citizenship between the parties, this case was improvidently removed to federal court. Accordingly, it is hereby

ORDERED AND ADJUDGED that this cause be and the same is REMANDED to state court for all further proceedings.