## In re SILVER WHEEL FREIGHT-LINES, INC., Debtor.

**Everette H. WILLIAMS, Trustee for Silver Wheel Freightlines, Inc., Plaintiff,**

**v.**

**AT & T TECHNOLOGIES, INC. and Norwest Publishing Co., Defendants.**

Bankruptcy No. 382–03538–S7.
Adv. No. 85–0743–S.

United States District Court, D. Oregon.

Oct. 23, 1986.

---

1. The Bank of Sheridan claims it has a valid security interest in the funds. That creditor was granted relief from the stay to take other collateral which value exceeded its debt. After the order, the Bank and the Debtors attempted to agree on allowing the Debtors to continue to use the collateral. This Court has voided the order releasing the stay and directed the Trustee to sell the collateral and satisfy the Bank's obligation.

Bradley O. Baker, Portland, Or., for the trustee.

Lawrence V. Smart, Portland, Or., for AT & T Technologies.

LEAVY, District Judge.

Opinion adopted by District Court, Oct. 23, 1986.

**233**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING SUMMARY JUDGMENT TO PLAINTIFF FOR $11,997.89 IN A NON–CORE MATTER

DONAL D. SULLIVAN, Bankruptcy Judge.

Plaintiff filed a complaint under 49 U.S.C. § 10761(a) to recover undercharges in the amount of $11,997.89 resulting from the debtor's failure as a common carrier to charge its published tariffs. Only AT & T Technologies, Inc. ("AT & T") answered. Norwest Publishing Co. is in default. The Court heard plaintiff's motion for summary judgment and defendant AT & T's motion to defer to the Interstate Commerce Commission on September 8, 1986. This is a non-core proceeding which may be determined by the District Court upon recommendation pursuant to 28 U.S.C. § 157(c)(1).

Summary judgment should be granted to plaintiff for the sum sought in the complaint as a matter of law. There are no triable issues of fact.

Fraud and the other defenses alleged by AT & T which include negligence, estoppel, waiver, breach of contract, unreasonable practices and set off of these claims, are not available as defenses to the defendant's statutory liability to pay the published tariffs. *Consolidated Freightways Corp. v. Terry Tuck, Inc.,* 612 F.2d 465 (9th Cir.1980); *Pittsburgh v. Fink,* 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919); 49 U.S.C. § 10761(a). The debtor must charge its customers the filed tariffs unless the Interstate Commerce Commission ("Commission") granted relief under 49 U.S.C. § 10761(b) to the debtor as a contract carrier. *Thurston Motor Lines v. Jordan Rand,* 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260, (1983); *Southern Pacific v. Commercial,* 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982). No affidavit was filed to establish that such relief has been granted by the Commission in this case. This is not a case to which *Alamo v. ICC & U.S.,* 673 F.2d 852 (5th Cir.1982) supplies any precedent.

In addition, defendants have not filed any material to support AT & T's position that there is a triable factual basis for any of the numerous alleged defenses or counter-claims to the statutory liability imposed. The affidavit of J.F. Jonish fails to present facts that, if proved, would establish the defenses and counterclaims asserted.

  The motion to stay this case should be denied. This case is a straight collection case involving undercharges. It does not involve physical practices or rules which comprise policies over which the Commission has discretion. There is no showing that the application of 49 U.S.C. § 10761(a) would be based upon ambiguous policy, facts, or indeed that the Commission has any discretion to remit the undercharges based on the tariff in this case. Accordingly, the material supplied by defendant AT & T does not show that this Court should abstain in favor of some action by the Commission. Judgment should be entered against both defendants.

RECOMMENDED for adoption by the United States District Court this 11th day of September, 1986.