**David S. JOHNSON, et al., Respondents,**

v.

**Michael L. O'BRIEN, Defendant,**

**Dain Bosworth, Incorporated, Appellant.**

No. C9-87-1784.

Court of Appeals of Minnesota.

March 15, 1988.

Review Denied May 18, 1988.

Edward Lynch, Thuet, Lynch, Pugh & Rogosheske, South St. Paul, for respondents.

Edward J. Pluimer, James K. Langdon, II, Dorsey & Whitney, Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order denying the appellant's motion to compel arbitration and stay judicial proceedings. The appellant contends the respondents' claims under federal securities law are subject to arbitration under a provision in its customer margin agreements. We affirm.

## FACTS

On the advice of Michael O'Brien, an employee of appellant Dain Bosworth Incorporated (Dain Bosworth), respondents David Johnson, Kenneth Carter and Shirley Carter purchased stock in Kroy Incorporated. The respondents contend O'Brien told them another company intended to acquire Kroy and that the value of Kroy stock would increase substantially. The acquisition did not occur and the value of Kroy stock did not increase. The stock temporarily decreased in value and the respondents incurred losses.

The respondents sued Dain Bosworth claiming Dain Bosworth violated section 12(2) of the Securities Act of 1933 and was liable for the losses they incurred by trading on the allegedly illegal "inside information." Dain Bosworth attempted to arbitrate the claims according to a provision in its customer margin agreements with the respondents which provide that any controversy between the respondents and Dain Bosworth "shall be settled by arbitration" in accordance with the rules of the New York Stock Exchange or the American Arbitration Association. When the respondents refused to submit their claims to arbitration, Dain Bosworth moved the district court for an order compelling arbitration.

The district court denied Dain Bosworth's motion to compel arbitration because the court concluded *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), precludes enforcement of predispute arbitration agreements when claims are predicated on section 12(2) violations. Dain Bosworth appeals under Minn.R.Civ.App.P. 103.03(e) and Minn.Stat. § 572.26, subd. 1(1) (1986).

## ISSUE

Did the district court err by denying the appellant's motion for an order compelling arbitration?

## ANALYSIS

The respondents allege their losses were caused by their reliance on O'Brien's misrepresentations and use of inside information, and consequently claim Dain Bosworth is liable for their losses under section 12(2) of the Securities Act of 1933.

Any person who—

\* \* \* \* \* \*

(2) offers or sells a security \* \* \* by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), \* \* \*

shall be liable to the person purchasing such security from him, *who may sue either at law or in equity in any court of competent jurisdiction,* to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

15 U.S.C.A. § 77*l* (West 1981) (codification of section 12(2) of the Securities Act of 1933) (emphasis added). Section 14 of the 1933 Act states that compliance with the provisions of the act may not be waived.

Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void.

15 U.S.C.A. § 77n (West 1981) (codification of section 14 of the Securities Act of 1933).

The Federal Arbitration Act states that arbitration agreements "shall be valid, irrevocable, and enforceable," except "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2 (West 1970). Provided an arbitration agreement is within the purview of the Arbitration Act, the Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983). However, in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182 (1953), the Supreme Court held that predispute arbitration agreements are not enforceable if the claims arise under section 12(2) of the Securities Act of 1933.

According to the Supreme Court, the Securities Act of 1933 established a buyer's "special right" to recover for misrepresentations which is "enforceable in any court of competent jurisdiction." *See Wilko,* 346 U.S. at 431, 74 S.Ct. at 184. Notwithstanding the Arbitration Act, the Court concluded the parties' predispute arbitration agreement was a "stipulation" and that "the right to select the judicial forum is the kind of 'provision' that cannot be waived under § 14 of the Securities Act." *See id.* at 434–35, 74 S.Ct. at 186.

The Court opined "that the Securities Act was drafted with an eye to the disadvantages under which [securities] buyers labor," and concluded it was reasonable for Congress to place securities buyers covered by the Act on a different basis from other purchasers. *See id.* at 435, 74 S.Ct. at 186. The Court noted that the effectiveness of the advantages conferred by the Securities Act "is lessened in arbitration as compared to judicial proceedings" and that arbitration proceedings were not particularly well suited to making "subjective findings on the purpose and knowledge of an alleged violator of the Act." *Id.* at 435–36, 74 S.Ct. at 186–87. The *Wilko* decision was based in large part on the Court's general distrust of arbitration.

The rationale of the *Wilko* decision and its holding about the enforceability of predispute arbitration agreements recently were questioned by the Supreme Court in *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). The plaintiffs in *McMahon* signed customer agreements with a brokerage firm which provided for

arbitration of any controversy arising out of or relating to their accounts. The plaintiffs sued the brokerage firm alleging the firm violated section 10(b) of the Securities Exchange Act of 1934 by engaging in fraudulent and excessive trading on their accounts, and by making false statements and omitting material facts from investment advice. Section 10(b) is similar to section 12(2) of the Securities Act of 1933 and the Exchange Act of 1934 contains a similar anti-waiver provision which invalidates contract provisions waiving compliance with any provision of the Act. *See* 15 U.S.C.A. §§ 78j(b), 78cc(a) (West 1981).

The *McMahon* Court noted that the Exchange Act conferred exclusive jurisdiction over violations with the district courts, but concluded the anti-waiver provision of the Act did not preclude waiver of judicial proceedings because the provision "only prohibits waiver of the substantive obligations imposed by the Exchange Act." *McMahon*, 107 S.Ct. at 2338. Accordingly, the Court concluded claims under section 10(b) of the Exchange Act of 1934 are arbitrable. *See id.* at 2343. The Court noted that *Wilko* involved claims under section 12(2) of the Securities Act of 1933 and questioned the rationale of the *Wilko* decision which was based on the Court's general "mistrust of arbitration." *See id.* at 2340–41. However, despite its apparent misgivings about the continuing validity of the rationale underlying its *Wilko* decision, the *McMahon* Court did not overrule *Wilko*. * * * * While *stare decisis* concerns may counsel against upsetting *Wilko's* contrary conclusion under the Securities Act, we refuse to extend *Wilko's* reasoning to the Exchange Act in light of these intervening regulatory developments. *Id.* at 2341.

The continuing validity of the *Wilko* decision is questionable. *See, e.g., Staiman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 673 F.Supp. 1009, 1011 (C.D.Ca.1987) (the federal district court concluded "*McMahon* so seriously undermined *Wilko's* rationale that [the investor's] 1933 Act claims, like his other claims, must be sent to arbitration"). However, the district court did not err by denying Dain Bosworth's motion to compel arbitration. The respondents assert claims only under section 12(2) of the Securities Act of 1933 and do not allege any section 10(b) violations. *McMahon* addressed section 10(b) claims and the enforceability of predispute arbitration agreements within the context of the Exchange Act of 1934; it did not rule on the arbitrability of claims under section 12(2) of the 1933 Act. Until *Wilko* is overruled, we are compelled to apply the Supreme Court's prevailing precedents with respect to predispute arbitration agreements and federal securities law. *See Thurston Motor Lines, Inc. v. Jordon K. Rand, Ltd.,* 460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983) ("Needless to say, only this [the Supreme] Court may overrule one of its precedents."); *see also Chang v. Lin,* 824 F.2d 219, 222 (2d Cir.1987) ("Although the Supreme Court in *McMahon* questioned the rationale underlying *Wilko,* the Court nevertheless did not overrule that decision, and it continues to govern us."); *Schultz v. Robinson–Humphrey/American Express, Inc.,* 666 F.Supp. 219, 220 (M.D.Ga.1987) (the federal district court concluded "the Supreme Court did not overrule *Wilko,* and has implicitly reaffirmed the nonarbitrable nature of Section 12 claims").

## DECISION

The district court did not err by denying the appellant's motion for an order compelling arbitration of the respondents' claims under section 12(2) of the Securities Act of 1933. The parties' predispute arbitration agreement is not enforceable under *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182 (1953).

Affirmed.

CRIPPEN, J., specially concurs.

FORSBERG, J., dissents.

CRIPPEN, Judge, concurring specially.

Section 12(2) of the Security Act of 1933 expressly declares the seller's liability to the buyer in a case where the seller employs untrue or incomplete statements to sell securities. 15 U.S.C.A. § 77*l* (West

1981). Even more specifically, the section declares that the seller's liability may be established by suit in any court of competent jurisdiction. Examining the language of these provisions, together with the later enactment by Congress of the United States Arbitration Act (9 U.S.C.A. § 1 et seq. [West 1980]), the United States Supreme Court decided that the "intention of Congress" in the Securities Act was better carried out by holding invalid an agreement for arbitration instead of judicial proceedings to determine section 12(2) liability. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Appellant's suggestion that this court disregard the holding in *Wilko* is unacceptable. There are reasons for this conclusion in addition to those noted in the majority opinion.

First, *Wilko* determined the intention of Congress in 1933. Subsequent abandonment of judicial views expressed in *Wilko* does not alter the intention of Congress in 1933. Congress itself has said nothing constituting an amendment of its 1933 enactment, even though *Wilko* was decided thirty-five years ago. It is by no means certain that *Wilko* will ever be overruled by the Supreme Court in the absence of legislative alteration of section 12(2).

In addition, section 12(2) of the Securities Act is unique, when compared with the provisions of the Exchange Act of 1934 reviewed in *Shearson/American Express, Inc. v. McMahon,* — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Section 10(b) of the Securities Exchange Act of 1934 describes unlawful acts, and it is silent on the question of remedies for those acts. 15 U.S.C.A. § 78j(b) (West 1981). In contrast, section 12(2) of the 1933 enactment is an express declaration of civil liability in judicial proceedings. The *Wilko* determination that arbitration was an inappropriate substitute for the remedy declared in the 1933 Act is wholly understandable. It is equally understandable that the Supreme Court in *McMahon* deliberately backed away from overruling *Wilko. See McMahon,* — U.S. at —, 107 S.Ct. at 2338 (It "must be understood" that *Wilko* found the buyer's waiver of judicial forum unenforceable "because arbitration was judged inadequate to

enforce the statutory rights created by § 12(2)").

FORSBERG, Judge (dissenting):

I respectfully dissent. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 68 (1953), has been narrowly limited to its facts by *Shearson/American Express, Inc. v. McMahon,* — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). *Wilko* now stands *only* for the proposition that *"where arbitration is inadequate to protect the substantive rights at issue,"* then and only then is waiver of a judicial hearing barred. *McMahon,* 107 S.Ct. at 2339.

This is not the case here, and the overwhelming policy favoring arbitration should be upheld.