**P.I.E. NATIONWIDE, INC., Plaintiff,**

v.

**NEW ENGLAND TECH AIR, INC., Defendant.**

**Civ. A. No. 90–11060–S.**

United States District Court,
D. Massachusetts.

Nov. 29, 1990.

Frank J. Weiner, Boston, Mass., Robert B. Walker, Joseph L. Steinfeld, Jr., John T. Siegler, Sims, Walker & Steinfeld, Washington, D.C., for plaintiff.

Emily D. Dickenson, Amerling & Burns, Portland, Me., for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION

SKINNER, District Judge.

This is an action by a motor common carrier to collect unpaid freight bills for an interstate freight shipment on August 11, 1988. The defendant has moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and (2), for lack of subject matter and personal jurisdiction.

■ The defendant claims that there is no federal subject matter jurisdiction over a simple collection action for $2,605.20. The complaint alleges federal subject matter jurisdiction under 28 U.S.C. § 1337 and 49 U.S.C. §§ 10741(a), 10761, and 10762. In *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983), the United States Supreme Court held that there was federal subject matter jurisdiction over a suit claiming that the respondent failed to pay $661.41 in motor freight charges as required by the petitioner's tariffs on file with the Interstate Commerce Commission. Under *Thurston Motor Lines*, I find that this court has subject matter jurisdiction over this case under 28 U.S.C. § 1337, which grants the district courts original jurisdiction over any civil action arising under any federal statute "regulating commerce or protecting trade and commerce against restraints and monopolies."

■ The defendant also claims that this court lacks personal jurisdiction over it. When a plaintiff is confronted with a motion to dismiss for lack of personal jurisdiction, it "has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined." *Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 376 N.E.2d 548, 549 (1978) (citations omitted). In an unverified complaint, the plaintiff alleges, based upon information and belief, that the defendant is a corporation with a place of business in Waltham, Massachusetts. The plaintiff has submitted the bill of lading and freight bill for the movement of freight underlying this suit. Both documents list the shipper as New England Tech Air in Portland, Maine and the consignee as New England Tech Air in Waltham, Massachusetts.

The defendant has submitted an affidavit by Bruce R. Lilly, Vice President and an owner of New England Tech Air. Mr. Lilly states that New England Tech Air has never been a Massachusetts corporation and has never had a place of business in Massachusetts. (Lilly Aff., ¶ 3) Mr. Lilly further states that New England Tech Air

entered into all agreements with the plaintiff from its offices in Portland, that the defendant communicated directly with the plaintiff's representatives in the plaintiff's Florida offices, and that no contracts or agreements were formed in Massachusetts. (*Id.*, at ¶ 4)

I find that the plaintiff has not satisfied its burden of establishing that the defendant has a place of business in Massachusetts. The mere fact that the plaintiff's documentation of the delivery lists the shipper and the consignee as having identical names does not establish that the consignee was a division of the defendant corporation.

■ The only other contact on which the plaintiff bases its claim of personal jurisdiction is the movement of freight from Portland to Waltham on August 11, 1988.

> Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses.

*Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 389 N.E.2d 76, 79 (1979). Massachusetts' long-arm statute confers personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth...." M.G.L. c. 223A, § 3(a).

In *Droukas, supra,* the Supreme Judicial Court ruled that § 3(a)'s "transacting any business" standard had not been met where the defendant's only contacts with Massachusetts were:

> the placement of an advertisement in a publication distributed in the Commonwealth, the receipt in Florida of a telephone call from the plaintiff in Massachusetts in regard to the purchase of the two engines, the sending of correspondence to the plaintiff confirming the sale,

and the shipment of the engines "collect" to the plaintiff in Massachusetts.

376 N.E.2d at 551. In this case there is even less reason to find personal jurisdiction under § 3(a). The plaintiff in this case is a Florida corporation. The record shows only a single shipment by the defendant to a company in Massachusetts. Under *Droukas*, this contact does not satisfy § 3(a).

The plaintiff might consider bringing this action in a more convenient forum, such as Maine, or refiling a verified complaint establishing that the Waltham address is that of the defendant.

Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction is allowed without prejudice and with leave to amend the complaint within fourteen days.