SOJOURNER, T., et al.

v.

Buddy ROEMER, as Governor of the State of Louisiana, et al.

Dr. Ifeanyi Chas. OKPALOBI

v.

STATE of LOUISIANA, et al.

Civ. A. Nos. 91–2247, 91–2422.

United States District Court,
E.D. Louisiana.

Aug. 7, 1991.

Janice Benshoff, New York City, William Rittenberg, New Orleans, La., for Sojourner.

Thomas Rayer, Joy Braun, New Orleans, La., Mary Jones, Baton Rouge, La., Tricia Bowers, New Orleans, La., Jennifer Schaye, Julie Fusilier, Baton Rouge, La., for Buddy Roemer.

Gerald Wasserman, Metairie, La., for Okpalobi.

## REASONS FOR JUDGMENT

DUPLANTIER, District Judge.

When the pleadings demonstrate that there is no factual issue which could change the result, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). At my first meeting with counsel on the day after the first of these two consolidated actions was filed, I suggested that this case would meet that test. After consideration of motions for judgment on the pleadings and extensive supporting memoranda filed by all of the parties, I have concluded that no facts which could be developed at a trial could change the legal result dictated by *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Therefore, for the following reasons, the motions for judgment on the pleadings filed by plaintiffs are granted, and judgment will be entered declaring Act 26 of the 1991 Louisiana Legislature unconstitutional and enjoining its enforcement.

■ Justice White's dissenting opinion in *Roe v. Wade,* 410 U.S. at 222–23, 93 S.Ct. at 763, includes the following statement, with which I wholeheartedly agree:

The Court simply fashions and announces a new constitutional right for pregnant women and, with scarcely any reason or authority for its action, invests that right with sufficient substance to override most existing state abortion statutes. The upshot is that the people and the legislatures of 50 States are constitutionally disentitled to weigh the relative importance of the continued existence and development of the fetus, on the one hand, against a spectrum of possible impacts on the mother, on the other hand.

However, the majority opinion in *Roe,* not Justice White's dissent, is still the law of this land. The Constitution of the United States means what the Supreme Court states that it means at any given time. Just two years ago, in *Webster v. Reproductive Health Services,* the appellants and the United States Department of Justice as *Amicus Curiae* urged the Court to overrule *Roe;* Justice Scalia in his concurring opinion did likewise. The Court declined to do so. I quote from the Chief Justice's opinion: "This case therefore affords us no occasion to revisit the holding of *Roe,* which was that the Texas statute unconstitutionally infringed the right to an abortion derived from the Due Process Clause, *id.* at 164, 93 S.Ct. at 732, and we leave it undisturbed." *Webster v. Reproductive Health Services,* 492 U.S. 490, 521, 109 S.Ct. 3040, 3058, 106 L.Ed.2d 410 (1989). The Court has still not revisited *Roe.*

The Texas statute held unconstitutional in *Roe* is in all pertinent respects identical to the Louisiana statute under attack here. Thus *Roe* in effect declares the Louisiana statute unconstitutional. Even though the Supreme Court has thus far explicitly refused to overrule *Roe,* counsel for defendants urge that I should anticipate that it will now do so. The Supreme Court has repeatedly held that I have no such authority:

Needless to say, only this Court may overrule one of its precedents. *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* 460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260 (1983).

... unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower courts, no matter how misguided the judges of those courts may think it to be. *Hutto v. Davis,* 454 U.S. 370, 375 [102 S.Ct. 703, 706, 70 L.Ed.2d 556] (1981).

■ Defendants contend that a decision upholding the constitutionality of the Louisiana statute under attack would not amount to the overruling of *Roe.* They argue that *Webster* and two later Supreme Court decisions [1] have effectively overruled *Roe, sub silentio.* There are persuasive authorities cited in support of the right (arguably, the duty) of a lower court to decline to apply Supreme Court precedent when the Court in later decisions has itself

---

1. *Hodgson v. Minnesota,* —— U.S. ——, 110 S.Ct. 2926, 111 L.Ed.2d 344 (1990); *Ohio v. Akron Center for Reproductive Health,* —— U.S. ——, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990).

*de facto* overruled that precedent, although not expressly. The temptation to apply that principle is great, especially when I agree with the result which would follow. But I cannot conclude that *Roe* has been overruled by implication in the face of an explicit refusal in *Webster* to overrule it expressly. A lower court cannot decide that a Supreme Court decision has been overruled *de facto* when in three cases in the past two years the Supreme Court has declined the opportunity to overrule that decision *de jure*. No one could seriously argue that in cases after *Roe* the Court has acted *sub silentio* [2] as to the *Roe* decision.

Every judge in the United States takes an oath to uphold the Constitution as it is interpreted by the U.S. Supreme Court. No judge in the United States enjoys the luxury of applying his or her own interpretation of the U.S. Constitution with respect to an issue which the United States Supreme Court has previously decided. No judge in the United States can overrule *Roe v. Wade;* only the Supreme Court can do so.

Other issues are raised by the pleadings and in memoranda. I do not consider them, because under the *Roe* decision they cannot make any difference in the result. I recognize that if the Supreme Court overrules *Roe v. Wade*, one or more of these issues may have to be considered on remand.

It matters not what my personal opinion may be as to whether the United States Constitution nullifies the action of elected state legislators in prohibiting abortions under certain circumstances. I am bound by my oath of office to decide that under the existing Supreme Court interpretation, the Louisiana statute under attack is unconstitutional.

Disposition of claims for attorney's fees is deferred until the conclusion of the litigation.

---

**2. Sub silentio.** Under silence; without any notice being taken. Black's Law Dictionary 1428 (6th ed. 1991).