**OLD DOMINION FREIGHT LINE, Plaintiff,**

v.

**ALLOU DISTRIBUTORS, INC., Defendant.**

No. CV 98–5019(VVP).

United States District Court,
E.D. New York.

March 1, 2000.

David T. Ferrara, Schoenfeld & Abilheira, P.C., New York City, for plaintiff.

Martin Rosen, Plainview, NY, for defendant.

### *OPINION AND ORDER*

POHORELSKY, United States Magistrate Judge.

The defendant Allou Distributors, Inc. ("Allou") moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction over this interstate transportation action. This motion is before the undersigned on consent of the parties. 28 U.S.C. § 636(c)(1). For the reasons stated below, the defendant's motion to dismiss the complaint is denied.

I.

The plaintiff Old Dominion Freight Lines, Inc. ("Old Dominion") commenced this action against the defendant Allou to collect unpaid freight charges for transportation services the plaintiff provided to the defendant. Old Dominion claims that it has been damaged in the sum of $63,-773.24, which represents the amount that is due and owing for transportation services provided pursuant to an agreement with Allou. The transportation services consist of approximately 138 deliveries and accompanying bills of lading for amounts ranging from $15.42 to $3264.20. See Rosen Aff., Ex. A. The plaintiff has stipulated that the freight charges for each individual bill of lading does not exceed $10,000. See Abilheira Aff., ¶ 3.

Because none of the bills of lading individually exceed $10,000, the defendant Allou contends that the plaintiff has not met the amount in controversy requirement of 28 U.S.C. § 1337(a). That section provides

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a). The plaintiff Old Dominion asserts that the $10,000 amount in controversy requirement contained in § 1337(a) does not apply to the present action because this is an interstate carrier claim brought by the plaintiff for unpaid freight, and not a claim brought for damage to a shipper's goods pursuant to 49 U.S.C. § 11706 or § 14706. Old Dominion contends that the minimum controversy requirement applies only to actions commenced pursuant to 49 U.S.C. § 11706 or § 14706 by a shipper against a carrier for damage to its goods.

## II.

In deciding a motion to dismiss, "[t]he court must limit itself to the undisputed facts in the pleadings, 'documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.'" *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999) (citing *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991)); *see Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). The court "must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party," *Davidson v. Flynn,* 32 F.3d 27, 29 (2d Cir.1994), and "is required to accept as true all factual allegations in the com-

plaint." *Cooper,* 140 F.3d at 440 (citing *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996)). "The task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper,* 140 F.3d at 440 (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984)).

Although bald assertions and conclusions of law are insufficient to defeat a motion to dismiss, the pleading standard is nonetheless a liberal one. *See Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996). "A plaintiff ... need only allege, not prove, sufficient facts to survive a motion to dismiss." *Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir.1999). A Rule 12(b) motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Turning to the case at bar, the court finds the cases cited by the plaintiff to be controlling in this matter. In *Thurston Motor Lines v. Jordan K. Rand,* 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983), a common carrier filed suit in district court to recover $661.41 in motor freight charges. The complaint alleged failure to pay transport services as required by tariffs on file with the Interstate Commerce Commission, and federal jurisdiction under 49 U.S.C. § 10741(a) and 28 U.S.C. § 1337. In reversing the Ninth Circuit, the Supreme Court held that the district court had subject matter jurisdiction over the suit. The Court reiterated its position that "The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment. Their duty and obligation grow out of and depend upon that act." 460 U.S. 533, 534, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983) (citing *Louisville & Nashville R. v. Rice,* 247

U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071 (1918)).

In *United Van Lines v. Hellman,* 949 F.Supp. 126 (E.D.N.Y.1996), another suit commenced by a carrier against a shipper to recover freight charges, the district court held that it had jurisdiction to hear the case, and denied the defendant's motion to dismiss for want of subject matter jurisdiction. The court stated that "28 U.S.C. § 1337(a) confers jurisdiction to the federal district courts of all actions arising under federal law regulating interstate commerce, including interstate carrier claims for freight charges." 949 F.Supp. 126, 127 (citing *Thurston Motor Lines* ).

The court finds the defendant's reliance on cases cited in its motion papers to be misplaced. The defendant cites *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir. 1984), and *Pillsbury Co. v. Atchison, Topeka, and Santa Fe Railway Co.,* 548 F.Supp. 28 (D.Kan.1982) for the proposition that the $10,000 amount in controversy requirement applies in this case where admittedly, none of the bills of lading individually exceed $10,000. However, both those decisions dealt with actions brought under 49 U.S.C. § 11707 by a shipper seeking damages for injuries to its goods caused by a common carrier. The defendant has not cited, nor has the court found, any case which holds that the $10,000 amount in controversy limitation of section 1337(a) extends to actions other than those brought pursuant to 49 U.S.C. § 11707 or § 14706. Nowhere in the complaint does the plaintiff plead that the action is brought pursuant to these sections, nor does the court find that the plaintiff's claim for freight charges falls under these sections.

In *Kansas City Terminal Ry. Co. v. Jordon Manufacturing Co.,* 750 F.2d 551 (7th Cir.1984), an action brought by a carrier against a shipper to recover freight charges, the Seventh Circuit found that the $10,000 amount in controversy requirement was not applicable to an action to recover freight charges. Determining that there was jurisdiction, the court explained,

> [a] suit for unpaid freight charges, however, is not a suit under section 11707 of the Interstate Commerce Act, and so is not within the scope of the proviso. Section 11707 makes railroads (and other carriers regulated by the Act) liable to shippers for losing or damaging their shipments; it does not make shippers liable to railroads for not paying freight charges. The statutory language could not be clearer; nor the legislative history of the 1978 amendments to section 1337(a), which reveals that Congress wanted to impose the $10,000 minimum in lost-freight and damaged-freight cases—cases brought, of course, by shippers, not railroads—in order to avert a flood of such cases that was inundating several federal district courts.

750 F.2d 551, 552 (7th Cir.1984) (citations omitted).

Here, the plaintiff pleads in its complaint that the action is brought pursuant to 28 U.S.C. § 1337(a) for freight charges allegedly owing for interstate transportation services provided by the plaintiff. Because the court finds that this action, as pleaded by Old Dominion in its complaint, is not subject to the $10,000 amount in controversy limitation under § 1337, the defendant's motion to dismiss the complaint is DENIED.

\* \* \* \* \* \*

In view of the above ruling, the order staying the arbitration hearing is hereby lifted and the arbitration clerk is directed to schedule a new hearing date.

SO ORDERED.