Catherine **COUGHLIN**, Plaintiff,

v.

**UNITED VAN LINES, LLC, and
DOES 1–50, Defendants.**

**No. CV 0410576 R (MANX).**

United States District Court,
C.D. California.

March 7, 2005.

Bruce N. Graham, Graham and Associates, Calabasas, CA, for Plaintiff.

Gregg S. Garfinkel, Stone Rosenblatt Cha, Encino, CA, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND MATTER TO STATE COURT

REAL, District Judge.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

### I. *INTRODUCTION*

Before this Court is the February 22, 2005 Motion to Remand for Lack of Sub-

ject Matter filed by Plaintiff, Catherine Coughlin ("Plaintiff"). The Court has considered the Motion, the Opposition filed by Defendant, United Van Lines, LLC ("United") and oral argument[1] submitted. For the reasons set forth below, Plaintiff's Motion is denied.

### II. *FACTUAL BACKGROUND*

Plaintiff contracted with United to transport certain of her household goods and effects from Melrose, Massachusetts, to Thousand Oaks, California. United is a motor carrier of household goods, acting pursuant to the authority of the Surface Transportation Board and the ICC Termination Act of 1995 (49 U.S.C. Section 13101, et. seq.)

On November 30, 2004, Plaintiff commenced an action against United in Ventura County Superior Court, seeking recovery for damages to her household allegedly caused by United during the interstate shipment of Plaintiff's household goods. Plaintiff's state court action asserted state law claims against United for breach of contract and general negligence and sought property damages in excess of $10,000.

United timely removed this matter to this Court premised upon federal question jurisdiction. Plaintiff argues that this Court lacks subject matter jurisdiction and filed a Motion to Remand.

### III. *STANDARD OF REVIEW*

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Con-

---

**1.** While Plaintiff did not file a Reply to United's Opposition and did not attend oral argument of this matter, the Court's ruling is based on the merits of the moving and opposition papers filed by the parties.

stitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. Section 1441(b). Whether a claim "arises under" federal law for removal purposes is determinated by the well-pleaded complaint. *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). A case "arises under" federal law within the meaning of 28 U.S.C. Section 1331 when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Defendant, as the party who invokes removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.). For the reasons which follow, this Court finds that United's removal of Plaintiff's state law action was proper and that this Court has subject matter jurisdiction over this controversy.

## IV. *THE REMOVAL OF THIS MATTER IS APPROPRIATE PURSUANT TO 28 U.S.C. SECTION 1441(A), 28 U.S.C. SECTION 1337(A), AND 28 U.S.C. SECTION 1445(b) AND 49 U.S.C. 14706*

This Court finds that a federal question appears on the face of Plaintiff's complaint. Specifically, jurisdiction in this matter is premised on the removal statute, 28 U.S.C. Section 1441(a), which confers removal jurisdiction on this Court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have *original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending. (Emphasis added.)

■ This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1337(a), since Plaintiff's claim for property damages arises under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. Section 14706) and the amount in controversy exceeds the $10,000 jurisdictional minimum required by 28 U.S.C. Section 1445(b).

Plaintiff seeks compensation for alleged damages to her household goods which occurred during the course of the interstate transportation of her household goods and effects under United's interstate Bill of Lading. While not labeled as such, Plaintiff sufficiently pleads a prima facie case of carrier liability against United under the Carmack Amendment when she alleges in her Complaint (a) her goods were allegedly rendered to United in good condition, (b) her goods allegedly arrived in damaged condition, and (c) she allegedly suffered damage to her cargo in excess of $10,000. (See, *Missouri Pacific Railroad v. Elmore & Stahl,* 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964)).

## V. *THIS COURT ALSO HAS ORIGINAL JURISDICTION OVER THE REFUND OF TARIFF CHARGE ISSUES RAISED IN THE PRESENT ACTION*

■ Yet *another* basis for federal jurisdiction over this matter exists. Plaintiff's demand for a refund of tariff charges also presents a federal question. Such claims are exclusively governed by 49 U.S.C. Sections 13704, 13706, 13707, 13710, 14704 and 14705 irrespective of the amount in controversy. *Thurston Motor Lines, Inc. v. Rand,* Ltd. 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983), (See also, 49 C.F.R. Section 370 governing interstate carrier binding estimate agreements).

Any doubts regarding this Court's original jurisdiction over the present matter are resolved by the United States Supreme Court in *Thurston Motor Lines, Inc.,* 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260, *supra,* which involved a tariff collection matter wherein the plaintiff sought $661.41 in tariff charges for goods shipped in interstate commerce. The District Court dismissed the action for want of subject matter jurisdiction and the Court of Appeals affirmed. *Id.*

The Supreme Court reversed, finding that the District Court had jurisdiction over the matter, *regardless* of the amount in controversy.[2] The Court noted:

"Under the Interstate Commerce Act, as construed by this Court, the Court of Appeals was in error. In *Louisville & Nashville R. v. Rice,* 247 U.S. 201, 38 S.Ct. 429, 62 L.Ed. 1071 (1918), this Court squarely held that federal-question jurisdiction existed over a suit to recover $145 allegedly due the carrier for an interstate shipment under tariffs regulated by the Interstate Commerce Act. The Interstate Commerce Act requires carrier to collect and consignee to pay all lawful charges duly prescribed by the tariff in respect of every shipment. Their duty and obligation grow out of and depend upon that act."

*Id.* at 534, 103 S.Ct. 1343 (citations omitted)

The Supreme Court further noted that "as to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other *rules of obligations.*" *Id.* at 535, 103 S.Ct. 1343.

In addition to the claim for loss and damage to her household goods, Plaintiff's Complaint seeks a refund of United's tariff charges in the amount of $18,717.14. (Complaint, paragraph BC–2). Plaintiff's claim for a refund requires this Court to interpret the interstate Bill of Lading, United's applicable tariffs, and the statutory scheme applicable to household goods carriers because Plaintiff seeks a refund of applicable tariff charges. As such, Plaintiff's action is the epitome of a matter involving federal question(s). *See,* 49 *U.S.C.* §§ 13501, 13702(a), 13704, and 13706; *Chesapeake & Ohio Ry. v. Martin,* 283 U.S. 209, 212, 51 S.Ct. 453, 454–455, 75 L.Ed. 983 (1931); *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 214, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985).

The principle that an interstate Bill of Lading must be construed under federal law was reiterated in *Allis–Chalmers Corp. v. Lueck, supra,* at 214, 105 S.Ct. 1904 (1985):

While the nature of the state tort is a matter of state law, the question whether the Wisconsin tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law.

Likewise, in *Illinois Steel Co. v. Baltimore and Ohio R. Co.,* 320 U.S. 508, 510–511, 64 S.Ct. 322, 88 L.Ed. 259 (1944) the Supreme Court held that an interstate Bill of Lading and Tariff are predicates for federal jurisdiction:

As the shipment was interstate, the bill of lading was issued pursuant to the Federal Act, the question whether the

---

**2.** *Thurston, supra,* was the basis for the decision by the Eastern District Court of New York in *United Van Lines, Inc., v. Stuart Hellman,* 949 F.Supp. 126 (E.D.N.Y.1996), wherein the court found, on a factually similar dispute, federal jurisdiction to exist since the case involved: (1) the shipment of goods in interstate commerce; (2) a shipment governed by a tariff filed with the ICC; and (3) charges that are allegedly due and owing in connection with an interstate shipment of goods. (*Id.*). The *Hellman* Court found federal jurisdiction since the "litigation [arose] under federal law in the most fundamental way." (*Id.*).

contract thus set forth had been discharged was necessarily a Federal question. The construction of the clauses of the bill of lading, adopted by the Commission and prescribed by Congress for interstate shipments presents a federal question. Such has been the consistent ruling of this Court ... Since the clauses of Uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Commission in exercise of commerce power, thy have the force of federal law and question as to their meaning arise under the laws and Constitution of the United States.

Federal question jurisdiction exists when a plaintiff has alleged a "state cause of action that requires resolution of a substantial issue of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). In the case at bar, Plaintiff's action requires interpretation of federal law; specifically, damages arising under an interstate Bill of Lading to transport property between states. Plaintiff must rely upon the interstate bill of lading and the tariffs incorporated therein. The Court's analysis of the parties' respective positions will center entirely upon the applicable federal statutes, whose interpretation must be determined to resolve Plaintiff's claims. As such, Plaintiff must necessarily rely upon federal law for her remedy within the meaning of *Garrett v. Time–D.C.*, 502 F.2d 627 (9th Cir.1974). Therefore, resolution of Plaintiff's lawsuit necessarily involves the interpretation and application of the interstate bill of lading and the applicable tariffs incorporated by reference. Federal jurisdiction is clearly established, regardless of the amount in controversy alleged in Plaintiff's Complaint.

## VI. *HUNTER v. UNITED VAN LINES, INC.* SUPPORTS A FINDING OF FEDERAL JURISDICTION

Plaintiff cites *Hunter v. United Van Lines, Inc.*, 746 F.2d 635 (9th Cir.1984) in support of her contention that this court lacks subject matter jurisdiction. The issue in *Hunter* was whether the removal of the shipper's state law claims for fraud, bad faith, and intentional infliction of emotional distress were proper where a Carmack Amendment claim for *less* than $10,000 was presented. The *Hunter*-plaintiffs sought only $2,500 under Section 11707 (Carmack was subsequently recodified at Section 14706). *Id.*, at 638 n. 2. This Circuit expressly stated:

> "It is clear that the district court would have had jurisdiction over this case under section 1337(a) had the Carmack Amendment claim exceeded $10,000. It is also clear that plaintiffs' Carmack Amendment claim was for significantly less than $10,000."

*Id.* at 638 (emphasis supplied).

The Court stated "if plaintiffs' state-law claims could be deemed to 'arise under' the Carmack Amendment, or if the amounts claimed under state law could be considered in determining the 'matter in controversy' within the meaning of section 1337(a), *there would be no jurisdictional amount problem.*" *Id.* at 638–639.

Factually, Plaintiff's claims are clearly distinguishable from the plaintiff in *Hunter*. In *Hunter*, the Plaintiffs sued for less than $10,000. In this case, Plaintiff's complaint is based on damages allegedly incurred in connection with the interstate transportation of her household goods. Plaintiff has alleged more than $38,000 in damages arising out of the interstate move by United. Thus, the jurisdictional threshold is satisfied.

Further, no issues collateral to the federal component of this lawsuit are presented. Unlike *Hunter*, the federal questions presented in this lawsuit are conclusive, and not "tangential to the task of construing the state law." *Id.* at 646. The federal statutes implicated by Plaintiff's lawsuit are the sole source of inquiry in this matter. Aligned against the innumerable authorities to the contrary, *Hunter* is inapplicable as argued by Plaintiff, and actually supports United's removal of this matter, since the amount in controversy exceeds $10,000.

## VII. *CONCLUSION*

The face of Plaintiff's complaint asserts a $38,717.14 claim for cargo loss and damage sustained incident to the interstate shipment of Plaintiff's household goods and effects. Pursuant to 28 U.S.C. section 1441(b), 28 U.S.C. section 1337(a), 28 U.S.C. Section 1445(b), 49 U.S.C. Section 14706, and the authorities cited herein, this Court's original jurisdiction over this matter is "clear."

In addition, the face of Plaintiff's Complaint asserts a request for a tariff refund of $18,717.14 which also demonstrates the propriety of United's removal of this matter.

Finally, since United's removal of this matter was proper, Plaintiff's request for attorneys fees, pursuant to 28 U.S.C. Section 1447(c), is hereby denied.

Accordingly, this Court hereby denies Plaintiff's Motion for Remand.

IT IS SO ORDERED