**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Clifford BIRD, Sr., Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Wesley Lane Crawford, Defendant–
Appellant.

Nos. 02–30246, 02–30282.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Filed March 3, 2004.

David F. Ness and Michael Donahoe, Federal Defenders of Montana, Helena, MT, for the defendants-appellants.

Klaus P. Richter, Office of the United States Attorney, Billings, MT; Lori Harper Suek, Office of the United States Attorney, Great Falls, MT, for the plaintiff-appellee.

Before BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

## OPINION

ALARCÓN, Circuit Judge.

Clifford Bird Sr. and Wesley Lane Crawford (collectively "Appellants"), each of whom is an Indian, were indicted for committing the crime of burglary in violation of the Major Crimes Act, 18 U.S.C. § 1153. Appellants appeal from the district court's denial of their pretrial motions to dismiss the indictments. They contend that the district court lacks subject matter jurisdiction because the Government failed to allege an essential element of § 1153, namely, that the victim is an Indian. The Government requests that we dismiss this interlocutory appeal because a final judgment has not been entered.

We dismiss this interlocutory appeal without reaching the merits of Appellants' claim because we lack jurisdiction to determine whether the indictment alleges sufficient facts to state an offense until a final judgment has been entered after trial. We also reject their request to treat this appeal as an application for a writ of mandamus.

### I

On April 18, 2002, a United States grand jury indicted Mr. Bird for burglary in violation of § 1153, and Mont.Code Ann. § 45–6–204(1). On July 10, 2002, a grand jury indicted Mr. Crawford for burglary in violation of the same codes. The alleged burglaries took place in Indian country. The indictments stated the names of the victims, but did not state their race.

On June 10, 2002 and August 5, 2002, respectively, Mr. Bird and Mr. Crawford filed motions to dismiss for failing to allege the "[racial] status of the victim" in an indictment brought under § 1153. The district court denied both motions, holding that the plain language of § 1153 and the law of this circuit "provide[ ] ample sup-

port for the proposition that section 1153 applies to crimes committed against either Indians or non-Indians, by Indians in Indian country."

On July 22, 2002 and August 30, 2002, respectively, Mr. Bird and Mr. Crawford filed timely notices of appeal with this court. Their appeals were consolidated by this court's Appellate Commissioner.

## II

Appellants contend that we have jurisdiction pursuant to the collateral order doctrine. Generally, the United States Courts of Appeals only have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. The collateral order doctrine is a narrow exception to 28 U.S.C. § 1291, which treats orders by the district court that " 'finally determine claims of right separate from, and collateral to, rights asserted in the action' " as final judgments even though they do not " 'end the litigation on the merits.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). To fall within the " 'small class' of decisions excepted from the final-judgment rule," the order must: 1) "conclusively determine the disputed question," 2) "resolve an important issue completely separate from the merits of the action," and 3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

The Government does not dispute that Appellants have met the first two factors. Appellants argue that we have jurisdiction because the order of the district court denying their motions to dismiss the indictments for failure to state an essential element of an offense is "effectively unreviewable." The Supreme Court has in-

structed that an order is effectively unreviewable if it involves "an important right which would be 'lost, probably irreparably,' if review had to await final judgment." *Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. 1221).

In *Midland*, the Court stated that "[o]nly a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." 489 U.S. at 802, 109 S.Ct. 1494. The Court held in *Midland* that an alleged violation of the rule prohibiting public disclosure by Government attorneys of matters occurring before a grand jury did not give rise to the right not to be tried. *Id.*

Relying on the language quoted above from *Midland*, Appellants claim that the failure to allege an essential element of an offense is a defect that gives rise to the right not to be tried. They maintain that interlocutory review of this question will render a trial unnecessary. They assert that "there is simply no way for this Court exercising direct jurisdiction at the final conclusion of the case to restore the right not to be tried."

In their briefs before this court, Appellants failed to cite or discuss the Supreme Court's decision in *Abney*. In that matter, the Court held that "the Court of Appeals had no jurisdiction under § 1291 to pass on the merits of petitioners' challenge to the sufficiency of the indictment at this [interlocutory] junction in the proceedings." 431 U.S. at 663, 97 S.Ct. 2034. In another passage the Court stated: "[W]e think it clear that the District Court's rejection of petitioners' challenge to the sufficiency of the indictment does not come within the *Cohen* [collateral order] exception [to the final judgment rule]." *Id.* *Midland* did not, expressly or implicitly, overrule *Abney*, or affect the

viability of its determination that a challenge to the sufficiency of the evidence alleged in an indictment does not come within the collateral order exception to § 1291. This court lacks the power to disregard this principle. As the Supreme Court noted in *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 103 S.Ct. 1343, 75 L.Ed.2d 260 (1983), "needless to say, only this Court may overrule one of its precedents." *Id.* at 535, 103 S.Ct. 1343. Accordingly, we hold that we lack the jurisdiction to consider the merits of this appeal.[1]

### III

■ As an alternative basis for reviewing the merits of their constitutional claim, Appellants urge us to treat this consolidated appeal as an application for a writ of mandamus under 28 U.S.C. § 1651(a) and Rule 21 of the Federal Rules of Civil Procedure. "Before a writ [of mandamus] will issue, this court must be 'firmly convinced that the district court has erred and that the petitioner's right to the writ is clear and indisputable.'" *Credit Suisse v. U.S. Dist. Court*, 130 F.3d 1342, 1345 (9th Cir.1997) (quoting *Valenzuela–Gonzalez v. U.S. Dist. Court*, 915 F.2d 1276, 1279 (9th Cir.1990)).

■ In determining whether to grant a writ of mandamus, we consider the following factors:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way that is not correctable on appeal....

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.1977) (citations omitted).

---

1. In his June 10, 2002, motion to dismiss, Mr. Bird requested that the district court dismiss the indictment on the sole ground that "it fails to allege the racial status of the alleged victim, which is an element of the offense." The district court denied the motion on June 28, 2002. Mr. Bird did not assert before the district court that the indictment must be dismissed because federal prosecution pursuant to § 1153 violated the Double Jeopardy Clause since he had been prosecuted for the same conduct in a tribal court.

   In his notice of appeal, Mr. Bird states: "defendant-appellant contends that the indictment in this appeal which was brought under 18 U.S.C. § 1153 fails to state an offense, since it does not contain allegations that both the defendant and the victim were Indians." In his opening brief, Mr. Bird argued that "this court has jurisdiction because the district court's decision to deny his motion to dismiss for failure to allege the racial status of the victim gives rise to a natural application of the collateral order doctrine." Thus, he did not seek review in his opening brief on the ground that he is not subject to prosecution for violating § 1153 under the Double Jeopardy Clause of the United States Constitution.

   In his reply brief, he argues for the first time that this court has jurisdiction because he should have been indicted under 18 U.S.C. § 1152 which prohibits the prosecution of an Indian who has been punished by the local law of the tribe for committing an offense against another Indian. Under the law of this circuit, we decline to consider an issue which was not presented to the district court in a proper motion, or raised as an issue in appellant's opening brief. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 n. 4 (9th Cir.1995) (holding that a party waives an issue by not presenting it to the district court); *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

Appellants have failed to demonstrate that they meet these requirements. As discussed above, the sufficiency of an indictment can be reviewed on direct appeal. *Abney*, 431 U.S. at 663, 97 S.Ct. 2034. Furthermore, the district court's order is not clearly erroneous as a matter of law. As conceded by Appellants in their petition for rehearing and petition for rehearing en banc, in *Henry v. United States*, 432 F.2d 114 (9th Cir.1970), we expressly held that an Indian can be prosecuted pursuant to § 1153 regardless of the race of the victim. *Id.* at 117. Accordingly, Appellants' challenge to the sufficiency of the indictment does not present an issue of first impression in this circuit. We reject Appellants' request that we treat their interlocutory appeals as an application for a writ of mandamus.

The consolidated appeal is DISMISSED.

The application to treat the consolidated appeal as an application for a writ of mandamus is DENIED.