**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Clifford BIRD, Sr., Defendant— Appellant.**

No. 04–30355.

D.C. No. CR–02–00034–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2005.*

Decided May 4, 2005.

Joseph E. Thaggard, Office of the Attorney General, Helena, MT, for Plaintiff— Appellee.

Michael Donahoe, Federal Defenders of Montana, Helena, MT, for Defendant—Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM**

Appellant Bird appeals from his conviction for burglary pursuant to 18 U.S.C. § 1153 and Montana Code Annotated § 45–6–204. He contends the Indian status of the victim is an essential element of a charge brought under section 1153, and therefore the district court erroneously denied his motion to dismiss his indictment for failure to allege this element.

However, the express language of section 1153(a) provides for federal jurisdiction where an Indian "commits against the person or property of another Indian *or other person* any of the following offenses, namely ... burglary." 18 U.S.C. § 1153(a) (emphasis added). Furthermore, we rejected Bird's argument in denying his request to treat his interlocutory appeal as an application for a writ of mandamus. *See United States v. Bird*, 359 F.3d 1185, 1190 (9th Cir.2004) ("As conceded by [Bird] in [his] petition for rehearing and petition for rehearing en banc, in *Henry v. United States*, 432 F.2d 114 (9th

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1970), we expressly held that an Indian can be prosecuted pursuant to § 1153 regardless of the race of the victim."). We recently reaffirmed this aspect of *Henry* in *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir.2005) ("Crimes in which the perpetrator, but not the victim, is Indian are subject to . . . federal jurisdiction under . . . § 1153 (if the crime is one of the fourteen enumerated crimes, with conviction perhaps extending to lesser included offenses) . . . ."). The precedents Bird cites in support of his argument are clearly distinguishable.

AFFIRMED.