Diane L. SCOTT, Plaintiff—Appellant,

v.

JACKSON COUNTY, a political subdivision of the State of Oregon; Matt Miller; Andy Lane; Randy Giron; Colleen Macuk; and Michael Motschenbacher, D.V.M., Defendants—Appellees.

No. 06–35042.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Oct. 24, 2008.

G. Jefferson Campbell, Jr., Medford, OR, for Plaintiff–Appellant.

Michael D. Jewett, Ashland, OR, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

We must decide whether, pursuant to 42 U.S.C. § 1983, the seizure of several hundred rabbits by county animal control officers violated a criminal defendant's rights under the United States Constitution and Oregon tort law.

### I

The parties are aware of the facts, and we will not recite them in detail here. Diane Scott filed suit in the United States District Court for the District of Oregon alleging constitutional violations under 42 U.S.C. § 1983 and various state law claims under the Oregon Property Protection Act ("OPPA") and the Oregon Tort Claims Act ("OTCA"). Defendants–Appellees (hereinafter "the County")[1] moved for summary judgment, which the district court granted. On appeal, Scott challenges the district court's failure to consider any of the allegations in her verified complaint as evidence and reasserts her Fourth Amendment, Fifth Amendment, and state law claims.[2] We discuss each in turn, reviewing the district court's grant of summary judgment de novo and viewing the evidence in the light most favorable to the nonmoving party. See Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc).[3]

### II

The district court declined to treat Scott's verified complaint as evidence. See, e.g., Scott v. Jackson County, 403 F.Supp.2d 999, 1006 (D.Or.2005). However, we have previously determined that "[a] verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify." Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir.1985); see also Moran v. Selig, 447 F.3d 748, 759 n. 16 (9th Cir. 2006). In other words, those portions of the complaint which "set[ ] forth specific facts admissible in evidence ... may be

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1.  With respect to any § 1983 claims, this appellation does not apply to Dr. Motschenbacher, whom the district court properly found was not a state actor.

2.  The statement of issues in Scott's opening brief recites that she is challenging the district court's decision granting summary judgment on her due process claims. However, the brief does not address such issue at any point thereafter, except in a single, conclusory assertion that the County violated her due process rights. Therefore, Scott has waived the appealability of the issue. See United States v. Bird, 359 F.3d 1185, 1189 n. 1 (9th Cir.2004) (holding that "we decline to consider an issue which was not ... raised as an issue in appellant's opening brief" and that matters that are not "specifically and distinctly raised and argued" will not be considered by this court). To the extent Scott's due process claims are duplicative of her Fourth and Fifth Amendment claims discussed in her brief, we analyze them under those "explicit textual source[s] of constitutional protection." Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (internal quotation marks and citation omitted).

3.  Scott also argues that the district court improperly granted summary judgment on all of her claims as a matter of procedure. This claim is meritless. The County's motion was not for partial summary judgment but rather for summary judgment or, in the alternative, partial summary judgment. Indeed, the motion concluded, "the court should enter summary judgment in whole or in part."

considered in opposition to summary judgment." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (per curiam).

Therefore, the district court erred in wholly ignoring Scott's verified complaint. Some allegations therein "set forth specific facts admissible in evidence" which are properly grounded in personal knowledge.

## III

### A

Scott contends that between May 8, 2001, and August 1, 2001, the County engaged in several warrantless searches and seizures of her property in violation of the Fourth Amendment. We deem it unnecessary to reach the merits of these claims. The statute of limitations for § 1983 claims "must be borrowed from state law." *Plumeau v. Sch. Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997). Here, the applicable period is two years. Or.Rev.Stat. § 12.110(1); *see also Plumeau*, 130 F.3d at 438.

Scott's action was filed on July 22, 2003.[4] Any constitutional claims arising prior to July 22, 2001, are time barred.[5] *See Vernon v. City of L.A.*, 27 F.3d 1385, 1391 (9th Cir.1994) ("[We] may affirm on any ground supported by the record.").

### B

Scott next contends that the district court erred in deciding that the County properly executed a search warrant on August 1, 2001. When considering "[w]hether a search exceeds the scope of a search warrant," we must engage in "an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search." *United States v. Hitchcock*, 286 F.3d 1064, 1071 (9th Cir.), *amended by* 298 F.3d 1021 (9th Cir.2002). Here, we agree with the district court that the officers properly interpreted the language of the warrant. *See Scott*, 403 F.Supp.2d at 1008. Absent a violation of a "clearly established [constitutional] standard[ ]," we need not discuss qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 208, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

### C

Scott also challenges the November 1, 2001, seizure of her rabbits under the forfeiture provision of the initial state trial court judgment. We agree with the district court that the County officials are entitled to qualified immunity because they reasonably believed the seizure was lawful.[6] *Scott*, 403 F.Supp.2d at 1008–09.

### IV

■ Scott argues that the district court erroneously granted the County's motion for summary judgment on her Fifth Amendment claims. The district court properly stated that claims of improper criminal forfeiture cannot be considered under the Fifth Amendment. *See Scott*, 403 F.Supp.2d at 1009.

Moreover, the Takings Clause is implicated only when the taking in question is

---

4. The record indicates that Defendant Miller entered Scott's property on July 23, 2001, without a warrant. The conditions of Scott's release following arraignment on May 18, 2001, required that she cooperate with Animal Control officers. Miller's entry was permissible under such requirement.

5. This includes Scott's claims that these entries were made pursuant to an unconstitu-

tional policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

6. Scott also contends that the County violated her Fourth Amendment rights by continuing to hold the rabbits after the forfeiture provision was deleted. Such a claim does not implicate the Fourth Amendment.

for a public use. Here, Scott never alleged that her property was taken or retained for any reason other than for law enforcement purposes. The district court properly granted summary judgment with respect to Scott's Fifth Amendment claims.

V

Moving to Scott's state law claims, we note that to bring a cause of action under the OTCA, a party must comply with its notice requirements. *See* Or.Rev.Stat. § 30.275. The OTCA provides that 180-day notice must be given for actions brought against public officials. *Id.* § 30.275(1), (2)(b). There are two types of notice, "formal" or "actual." *Id.* § 30.275(3)(a)–(b).

A

■ Scott claims that her attorney's statement during the criminal hearing on August 28, 2001, in the presence of Deputy County Counsel Debbie Minder, constituted actual notice under section 30.275(6). With respect to claims arising out of behavior prior to that date, we conclude that this notice was sufficient. Under section 30.275(6), notice must simply give a defendant knowledge "of the time, place and circumstances giving rise to the claim." *Id.* All legal grounds for those claims do not need to be mentioned in the notice. Here, the statement by Scott's attorney, though cryptic, was enough to put Jackson County on actual notice as to the circumstances upon which Scott intended to bring her lawsuit.

B

Scott also stated that she gave "formal" notice of state tort actions on April 18, 2002, in a letter she personally delivered to Jackson County Animal Control's office. Such a letter would be effective notice for any torts that accrued on or after October 22, 2001. The County does not refute or deny that it received such notice.

It follows that the only claims for which the County did not receive notice were those claims which accrued between August 28, 2001, and October 22, 2001. Therefore, the district court's decision to dismiss Scott's state law tort claims on summary judgment must be reversed, except for those claims which accrued between August 28, 2001, and October 22, 2001.

VI

Scott also claimed that her state law property rights under the OPPA were violated. The district court ruled that the OPPA contravened the Oregon Constitution, relying on *Lincoln Interagency Narcotics Team (LINT) v. Kitzhaber*, 188 Or. App. 526, 72 P.3d 967 (2003). However, the Oregon Supreme Court overturned *LINT* after the district court rendered its decision. *See LINT v. Kitzhaber*, 341 Or. 496, 145 P.3d 151 (2006). Thus, the district court failed accurately to predict how Oregon's highest court would rule. *See Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir.2001) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." (internal quotation marks and citation omitted)).

Nonetheless, by its own terms, the OPPA applies only to "civil forfeiture" proceedings. *Cf.* Or. Att'y Gen., Op. No. 8278 (2002), 2002 WL 1477811. Accordingly, the grant of summary judgment with respect to this issue is affirmed. *See Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039 n. 3 (9th Cir.2008) ("We may affirm summary judgment on any ground supported by the record.").

VII

Based on the foregoing, the district court's decision to grant the County's Mo-

tion for Summary Judgment on Scott's claims is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

The parties shall bear their own costs on appeal.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.