**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ELKWOOD ASSOCIATES, LLC; FIELDBROOK, INC.; RELIABLE PROPERTIES, INC.; JACK NOURAFSHAN, _____ ELKWOOD ASSOCIATES, LLC; FIELDBROOK, INC.; RELIABLE PROPERTIES, INC.; JACK NOURAFSHAN, Petitioners, v. UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES, Respondent, DAVID K. GOTTLIEB, as Chapter 11 Trustee for Massoud Aaron Yashouafar and Solyman Yashouafar; ISRAEL ABSELET; HOWARD ABSELET; SODA PARTNERS, LLC; DMARC 2007 CD-5 GARDEN STREET; QUALITY LOAN SERVICE CORPORATION; CITIVEST FINANCIAL SERVICES, INC.; FEREYDOUN DAYANI; STATE STREET BANK AND | No.   19-71799 D.C. No. 2:19-cv-04404-JFW ORDER* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petition for Writ of Mandamus

Submitted December 9, 2019[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

Elkwood Associates, LLC and others (collectively "Elkwood") petitioned this court for a writ of mandamus, requesting that we order the district court "to withdraw the reference of an adversary proceeding to the District Court so that a jury trial may be had on multiple fraudulent transfer claims and a claim against them for quasi-contractual damages." Such claims have since been dismissed by the parties, and Elkwood now asks this court to grant its petition so that a jury trial may be held instead on "redemption price and ejectment claims" related to the Trustee's first claim for quiet title to the "Rexford Home." Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

In light of the dismissal of most of the claims in the underlying action, Elkwood's mandamus petition no longer presents a live controversy.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## I

First, Elkwood never sought to withdraw the reference of the adversary proceeding on the basis of the Trustee's quiet title claim or any subsidiary issues. Both before the district court and in its mandamus petition to our court, Elkwood requested withdrawal so that a jury trial could be held on various claims that were then pending, but have now all been dismissed. Elkwood did not argue for withdrawal on the basis of the quiet title claim or any subsidiary issues. Indeed, before the district court, Elkwood disavowed withdrawal on the basis of the quiet title claim, stating, "The Elkwood Group does not contend that the Trustee's First Claim to quiet title warrants withdrawal of the reference." Accordingly, Elkwood has waived any argument that this court should order the reference to be withdrawn on the basis of the quiet title claim or the subsidiary "redemption price" and possession issues. *See, e.g., United States v. Bird*, 359 F.3d 1185, 1189 n.1 (9th Cir. 2004) ("Under the law of this circuit, we decline to consider an issue which was not presented to the district court . . . or raised as an issue in appellant's opening brief.").

## II

Second, even if Elkwood's new arguments are not waived, the relief requested in its mandamus petition would not actually affect either the redemption price or possession claims, because neither is currently subject to a trial in the

adversary proceeding.

The bankruptcy court has made clear repeatedly that it *will not* adjudicate the redemption price issue as part of the adversary proceeding. Likewise, the bankruptcy court has already recommended that the Trustee be awarded possession of the Rexford Home as part of its grant of *summary judgment* on the quiet title claim. Accordingly, at this point, neither issue will even go to trial in the adversary proceeding. Thus, Elkwood presently has no argument that the adversary proceeding must be withdrawn to preserve its jury rights related to either claim. *See In re Healthcentral.com*, 504 F.3d 775, 787–88 (9th Cir. 2007); *see also Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("[A]n issue is moot when deciding it would have no effect within the confines of the case itself.").

**Petition DENIED.**

4