**CHOICE, INC. OF TX d/b/a Causeway Medical Clinic,**

v.

**William A. GRAHAM.**

**No. CIV.A. 04–1581.**

United States District Court, E.D. Louisiana.

March 8, 2005.

Suzanne Novak, Bonnie Scott Jones, J. Alexander Lawrence, Jamie Levitt, Sarah Rosell, Morrison & Foerster New York, NY, William E. Rittenberg, Rittenberg & Samuel, LLC, New Orleans, LA, for Plaintiffs.

William A. Graham, Metairie, LA, pro se.

ROBY, United States Magistrate Judge.

Before the Court is the plaintiffs', **Motion for Protective Order (doc. # 40)**. The Motion seeks protection from having to disclose as required by FRCP 26(a)(1)'s disclosure requirement (1) the identity of the parties and witnesses who sought or obtained reproductive health services; and (2) the confidentiality of physicians who received referrals from the defendant, William Graham ("Graham"). The hearing on this motion took place with oral argument on February 2, 2005.

### I. *Factual Background*

This suit was filed by the plaintiffs [1] against Graham, the owner and operator of Causeway Center for Women. The plaintiffs allege that Graham violated the Lanham Act, 15 U.S.C. § 1125(a) by infringing on their trademark and engaging in false advertising. They also allege that Graham violated state law and engaged in unfair competition, dilution, trademark infringement and violated state tort law. Specifically, the plaintiffs allege that as early as 1993, Graham's directory listings and service identification categories misled and confused women seeking abortions or abortion referrals into calling his number. They allege that once they called the number, Graham would, by decep-

---

1. The plaintiffs in this suit are Choice, Inc. d/b/a Causeway Medical Clinic, a Texas corporation that operates an outpatient facility in Metairie, Louisiana, two obstetricians, and who appear on their own behalf and on behalf of their present and future patients, Priscilla Cabrera, the only named plaintiff who is a patient of the plaintiff's clinic.

tion, delay their attempts to secure an abortion to the point where they were no longer able to secure one lawfully. He would also try to dissuade them by telling them that Choice's clinic had lawsuits pending against it and identifying it as an "unsanitary butcher."

## II. *Analysis*

The unidentified plaintiffs contend that they should be allowed to proceed under pseudonyms because (1) their families are at risk for violence, harassment and malicious publicity and (2) because the patient plaintiffs sought reproductive services, or referrals such that they should be relieved of the disclosure requirement set forth in Federal Rule of Civil Procedure 26(a)(1). The unidentified plaintiffs further propose that the protective order permits the identification of the protected plaintiffs only after showing by motion (1) the relevance of the request and (2) that the need for the information outweighs the privacy concerns of the plaintiffs.[2]

Graham opposes the motion contending that the plaintiffs' request is over broad, unnecessary and amounts to harassment against him. He contends that it would make it difficult for him to defend against the allegations of the claimants when he is not allowed to know who they are.

■ A party seeking a Rule 26(c) vests in the court discretion over litigants' requests for protection from "annoyance, embarrassment, oppression or undue burden or expense in the discovery process. Moreover, the trial court enjoys broad discretion over discovery on jurisdictional issues." *Thomas Doe v. Stegall*, 653 F.2d 180( 5th Cir.1981). However, a protective order may issue only upon a showing of good cause.

■ "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed.R.Civ.P. 26(c)). The burden is upon the movant to prove the necessity of a protective order, "which contemplates a particular and

specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (citations omitted).

If both of these requirements are proven, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed R. Civ. P. 26(c). If a district court denies a motion for a protective order in whole or in part, the court may, "on such terms and conditions as are just, order that any party or other person provide or permit discovery." *Id.*

■ The issue before the Court is whether the fact that the patient plaintiffs sought abortion related services constitutes good cause for the issuance of a protective order permitting them to use pseudonyms rather than their real names.

■ The Federal Rules of Civil Procedure require plaintiffs to disclose their names in the instrument they file to commence a lawsuit. Fed.R.Civ.P. 10(a). Public access to this information is more than a customary procedural formality: First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 2829 & n. 17, 65 L.Ed.2d 973 (1980). There is a clear and strong First Amendment interest in ensuring that "(w)hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947).

The unidentified patient plaintiffs contend that it is rather routine for the Court to allow plaintiffs filing suit associated with abortion services to proceed under a pseudonym citing *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); *Southern Methodist Univ. Ass'n for Women v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979); *Doe v. Mundy*, 514 F.2d 1179 (7th Cir.1975); *Sojourner T. v. Roemer*, 772

---

**2.** The modified request is generally provided for in Federal Rules of Civil Procedure 26(c). Therefore, the undersigned will consider same as

the defendant would always have the opportunity to seek relief by motion with the Court.

F.Supp. 930 (E.D.La.1991), *aff'd* 974 F.2d 27 (5th Cir.1992). In *Roe*, the plaintiff was allowed to proceed under the pseudonym Jane Roe in her claim challenging the constitutionality of the Texas criminal abortion statutes.

In *Doe*, the plaintiff challenged the validity of the Georgia abortion statute and was allowed to do so as Mary Doe, a pseudonym. *Id.* at 5. Additionally the plaintiffs in *Sojourner* and *Jane Doe* were permitted by the court to proceed anonymously in their challenges to the Louisiana abortion statute and a hospital's rule prohibiting elective abortions, respectively.

However, none of these cases provide an analysis of the considerations that the court must make before allowing plaintiffs to proceed anonymously. The Fifth Circuit in *Thomas Doe v. V.J. Stegall* considered a similar issue. 653 F.2d 180 (5th Cir.1981). In *Doe*, the plaintiffs filed a class action suit seeking to enjoin routine daily religious observances in the county's public schools. After filing the complaint, the plaintiffs filed a motion for protective order seeking to preserve their anonymity from public disclosure because they feared the harassment and violence that would be directed at them if their identities were disclosed. They did not, however, seek to withhold their identity from the Court and the defendants.

In considering the issue, the Circuit Court in *Thomas Doe* detailed the factors to be considered. They are whether (1) plaintiffs seeking anonymity were suing to challenge government activity; (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy"; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. According to the court in *Thomas Doe*, these factors are then balanced against the presumption of the openness of judicial proceedings.

The unidentified plaintiffs in this case clearly do not challenge governmental activity. But of course they complain that the defendant sought to obstruct their right to choose and seek abortion services, a quintessentially private matter. Although they do not confess either to illegal acts or purposes,

they have, by filing suit, made revelations about their personal beliefs and practices which may invite a hostile reaction from the public.

The District Court Judge allowed the unidentified plaintiffs to sign the affidavits attached to the Petition for Injunction in pseudonyms. **(Rec.doc. # 6)** The Court therefore finds that the prospects of potential harassment or violence by the public, coupled with the other factors, weigh in favor of maintaining the unidentified patient plaintiffs' anonymity such that the scale has been tipped against the customary practice of judicial openness.

**IT IS ORDERED THAT** the **Motion for Protective Order (Rec.doc. # 40)** is **GRANTED.** The unidentified patient plaintiffs shall be allowed to proceed with pseudonyms.

**IT IS FURTHER ORDERED** that the Court therefore finds that the disclosure requirements set forth by FRCP Rule 26(a)(1) are modified only to the extent of the Order regarding pseudonyms.